IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORLEY TABARES and MARIA TABARES, Plaintiffs, | ) | CA 05 017 ML |
| v. | ) | |
| FIRST HORIZON HOME LOAN CORPORATION, Defendant. | ) | JURY DEMANDED |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against a predatory subprime mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The Plaintiffs seek to enforce the rescission of their prior mortgage loan.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 and 1337.

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. §1391(c).

**PARTIES**

4. Plaintiffs reside in their newly acquired home which they own located at 10 Gardner Street, Seekonk Massachusetts 02771. At the time of the acts complained of herein, the Plaintiffs were residents of the State of Rhode island residing in their principle residence located at



(1)

54-56 First Street Pawtucket, R.I. 02861

5. Defendant First Horizon Home Loans ("First Horizon") is a Texas chartered bank with a registered agent in Rhode Island.

6. Defendant First Horizon enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Defendant First Horizon is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. At all times relevant to this action, Defendant offered, made and serviced mortgage loans to consumers, directly or through other subsidiaries.

9. Defendant targets the "subprime" market, consisting of persons who are considered to be, or perceive themselves to be, greater credit risks than "prime" or "A" customers.

**FACTS**

10. On or about November 13, 2002, Plaintiffs obtained a mortgage loan from First Horizon, secured by their First Street residence, for personal, family and household purposes. This loan refinanced a prior mortgage with a different lender.

11. Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor**

of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

12. The "Notice of Right to Cancel", attached hereto as Exhibit A is a standard form regularly used by Defendant.

13. The "Notice of Right to Cancel" given to Plaintiffs contained two separate and distinct provisions under which the transaction could be cancelled. Only one of these provisions applied to Plaintiffs' loan.

14. Defendant failed to denote which of the cancellation provisions applied to Plaintiffs' loan.

15. As a result, Defendant violated TILA with respect to the loan given to Plaintiffs as it failed to give the Plaintiffs a clear and conspicuous notice of their right to cancel the loan.

16. On or about February 11, 2003 the Plaintiffs exercised their right to rescission through a letter sent to Defendant on their behalf which is attached hereto as Exhibit B.

17. This correspondence was received and acknowledged by Defendant as evidenced by a written correspondence, dated February 16, 2003, which is attached hereto as Exhibit C.

18. Defendant refused to recognize and honor the Plaintiffs' rescission demand and remove the mortgage lien secured by their residence.

19. The Plaintiffs have since paid off the loan due Defendant and have met all of their obligations as required under the rescission provisions of the TILA.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

20. Plaintiffs incorporate ¶¶ 1-19 as if fully set out herein.

21. By failing to provide a proper notice of right to cancel and by ignoring the request to rescind the loan transaction, Defendant has violated TILA.

22. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

23. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in their favor and against First Horizon Home Loans for:

(a) Rescission and statutory damages;

(b) Attorney's fees, litigation expenses and costs;

(c) Such other or further relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
R.I. Bar No. 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre

f:\general\requicr.cpt

# EXHIBIT A

# NOTICE OF RIGHT TO CANCEL

LOAN #: 0030905186

PROPERTY ADDRESS: 54-56 FIRST STREET
PAWTUCKET, RI 02861

1. YOUR RIGHT TO CANCEL
You are entering into a transaction that will result in a mortgage/deed of trust on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occur last; (1) the date of the transaction, which is November 13, 2002 ; or (2) the date you received your Truth-in-Lending disclosures; or (3) the date which you received this notice of your right to cancel.

______ If you cancel the transaction, the mortgage/deed of trust is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/deed of trust on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

______ If you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you presently owe or the mortgage, lien, or security interest we already have on your home. If you cancel the mortgage, lien, or security interest as it applies to the increased amount is also cancelled. Within 20 calendar days after we receive your notice of cancellation of the new transaction, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on your home no longer applies to the increase of credit. We must also return any money you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

2. HOW TO CANCEL
If you decide to cancel this transaction, you may do so by notifying us in writing at:
FIRST HORIZON HOME LOAN CORPORATION
300 METRO CENTER BLVD., STE. 205
WARWICK, RI 02886

You may use any written statement that is signed and dated by you and your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice letter not later than midnight of 11/16/2002 (or midnight of the third business day following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

Signature Date Signature Date

Signature Date Signature Date

**JOINT OWNERS HAVE THE RIGHT TO RESCIND, AND A RESCISSION BY ONE IS EFFECTIVE FOR ALL.**
RECEIPT
Each of the undersigned acknowledges receipt of 2 copies of this Notice of Right to Cancel.

Norley Tabares 11-13-02 Maria H. Tabares 11-13-02
NORLEY TABARES Date MARIA H TABARES Date

Date Date

CB6D016 (7/01)

# EXHIBIT B

*FROM THE OFFICE OF THE*

**FAMILY AND CONSUMER LAW CENTER**

*WWW.RICONSUMERLAW.COM*

**CLAUDE F. LEFEBVRE**
**CHRISTOPHER M. LEFEBVRE, P.C.**

*ATTORNEYS & COUNSELORS AT LAW*

February 11, 2004

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

First Horizon Home Loan Corp.
300 Metro Center Blvd., Ste. 205
Warwick, RI 02886

**Re: Notice of Rescission by Norley and Maria Tabares, 54-56 First Street, Pawtucket, RI 02861, Loan Number: 0030905186, Closing Date 11/13/2002.**

To Whom It May Concern:

I represent Norley and Maria Tabares concerning the loan transaction they entered into with First Horizon Home Loan Corporation on November 13, 2002, in which they subsequently became obligated on a mortgage loan transaction with First Horizon Home Loan Corp. Please be advised that I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that the Mr. and Mrs. Tabares were not provided with an accurate copy of the notice of their right to rescind the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by First Horizon Home Loan Corp. on Mr. and Mrs. Tabares' property located at 54-56 First Street, Pawtucket, RI, is void as of this rescission. Pursuant to Regulation Z, you have twenty (20) days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Norley Tabares and
Maria Tabares
By their Attorney,

(PW)

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

# EXHIBIT C

FIRST HORIZON.
HOME LOANS

Larry P. Cole
Senior Vice President & Counsel

February 16, 2004

Christopher M. Lefebvre, Esq.
Family Consumer Law Center
P.O. Box 470
Pawtucket, Rhode Island 02862

Re: *Norley and Maria Tabares*

Dear Mr. Lefebvre:

I am in receipt of your letter of February 11, 2004. Please direct all future communication on this matter solely to my attention as counsel for First Horizon.

Your letter stated that your client was not provided an accurate Notice of Right to Cancel. If you have reason to believe there is an issue with the Notice of Right to Cancel signed by your client I suggest it is incumbent on you to provide evidence or analysis that supports that position, or at the very least identifies the alleged inaccuracy.

Absent a showing that the Notice of Right to Cancel is inadequate First Horizon has no choice but to legitimately conclude that your client has no right to cancel at this time.

Very truly yours,

Larry P. Cole

**First Horizon Home Loan Corporation**
4000 Horizon Way
Irving, TX 75063
Phone: (214) 441-5310
Fax: (214) 441-5312
lcole@fhhlc.com