UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORLEY TABARES and, MARIA TABARES, Plaintiffs, v. FIRST HORIZON HOME LOAN CORPORATION, Defendant. | Civil Action No. 05-017 (ML) |

**DEFENDANT FIRST HORIZON HOME LOAN CORPORATION'S ANSWER**

Defendant First Horizon Home Loan Corporation ("First Horizon") hereby answers the Complaint:

**INTRODUCTION**

1. First Horizon admits that it is a mortgage lender but denies the remaining allegations in paragraph 1, and therefore leaves Plaintiffs to their proofs.

**JURISDICTION AND VENUE**

2. The allegations in paragraph 2 are conclusions of law that require no response.

3. First Horizon admits that it does business within the District of Rhode Island. The remaining allegations contained in paragraph 3 are conclusions of law that require no response.

**PARTIES**

4. First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore leaves Plaintiffs to their proofs.

2

5. First Horizon admits that it is a Kansas corporation with principal offices located at 4000 Horizon Way, Irving, Texas with a registered agent in Rhode Island.

6. First Horizon admits the allegations in paragraph 6.

7. The allegations in paragraph 7 are conclusions of law that require no response.

8. First Horizon admits that it is a mortgage lender but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore leaves plaintiff to their proofs.

9. First Horizon denies the allegations in paragraph 9.

## FACTS

10. First Horizon admits that Plaintiffs obtained a loan from First Horizon in November 2002 but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore leaves plaintiff to their proofs.

11. The allegations in paragraph 11 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 11.

12. First Horizon admits that forms similar to the form attached to the Complaint as Exhibit A have been used in other loan transactions, but denies the remaining allegations of paragraph 12 .

13. The allegations in paragraph 13 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 13.

14. First Horizon denies the allegations in paragraph 14.

15. The allegations in paragraph 15 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 15.

16. First Horizon admits that it received a letter from the plaintiffs in February 2004 indicating a desire to rescind, but denies the remaining allegations of paragraph 16.

17. First Horizon admits that it received correspondence regarding Plaintiffs' loan in February 2004.

18. The allegations in paragraph 18 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 18.

19. First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore leaves plaintiff to their proofs. Further answering, paragraph 19 includes allegations that are conclusions of law that require no response.

## COUNT I

20. First Horizon incorporates its answers to paragraphs 1-19.

21. First Horizon denies the allegations in paragraph 21.

22. The allegations in paragraph 22 are conclusions of law that require no response.

23. The allegations in paragraph 23 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 23.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent that First Horizon has not been properly served, First Horizon raises the defense of insufficient service of process.

### SECOND DEFENSE

Plaintiffs' claims have been waived, in whole or in part.

THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, as a result of the acts of third parties over whom First Horizon had no control and is not responsible.

FOURTH DEFENSE

First Horizon is not responsible for the acts and liabilities of third parties over whom First Horizon had no control.

FIFTH DEFENSE

Plaintiffs' TILA claim is barred or limited by the several defenses available under TILA, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640, and the good faith compliance defense under 15 U.S.C. §1640.

SIXTH DEFENSE

Plaintiffs' demand for rescission is inequitable and First Horizon asks that the rescission procedures, if ordered, be modified as set forth in First Horizon's Counterclaim.

SEVENTH DEFENSE

Plaintiffs' Amended Complaint fails to join necessary parties in violation of Fed. R. Civ. P. 19.

EIGHTH DEFENSE

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their own negligence proximately caused their injuries.

ELEVENTH DEFENSE

First Horizon hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

WHEREFORE, First Horizon demands that judgment be entered against Plaintiffs and in favor of First Horizon on all claims and prayers for relief herein; and First Horizon demands its reasonable costs, including attorneys' fees, expended in defense of this action; and First Horizon seeks such other and further relief as may be appropriate and just.

**COUNTERCLAIM**

1. Plaintiffs filed this lawsuit against Defendant First Horizon Home Loan Corporation, ("First Horizon"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"). First Horizon has denied liability.

2. By letter dated February 11, 2004, Plaintiffs sent First Horizon a notice that they wished to exercise an alleged right under TILA to rescind their loan.

3. First Horizon denies that the Plaintiffs have a right to rescind their loan. First Horizon also denies that it would be equitable to permit any rescission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

**COUNTERCLAIM**

**Declaration Concerning Rescission Remedies**

4. Paragraphs 1 through 3 are incorporated by reference.

5. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

6. When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

7. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

8. Under the terms of 15 U.S.C. § 1635(b) and Regulation Z, First Horizon timely responded to the Plaintiffs' request for rescission.

9. Should this Court allow Plaintiffs to rescind their loan, First Horizon respectfully requests that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by First Horizon and the Plaintiffs.

WHEREFORE, First Horizon respectfully requests that this Court enter judgment as follows:

(1) The Court declare, should it determine the Plaintiffs properly exercised a valid right of rescission, that the rescission remedy be modified in equity, including but not limited to the entry of an order requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by First Horizon and the Plaintiffs; and

(2) Award such other and further relief as this Court deems just and appropriate under the circumstances, and to do equity and justice.

Respectfully Submitted,

FIRST HORIZON HOME LOAN CORPORATION,
By its attorneys,

John B. Daukas (R.I. Bar No. 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

OF COUNSEL:

U. Gwyn Williams (BBO # 565181)
Daniel J. Pasquarello (BBO # 647379)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: February 18, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Plaintiffs' counsel by placing a copy of same in the United States mail, this the 18th day of February, 2005.

John B. Daukas